FILED
JUL 3 1 2006 NF,
JUL 31 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ACCESS 4 ALL, INC., a Florida not for
profit corporation, and PETER SPALLUTO,
Individually,

    Plaintiffs,

vs.

HILTON HOTELS CORPORATION, a
Delaware Corporation, d/b/a Hilton Chicago
O'Hare Airport,

    Defendant.
_____/

06CV4123
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE MASON

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida not for profit corporation, and PETER SPALLUTO, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, HILTON HOTELS CORPORATION, a Delaware Corporation, d/b/a Hilton Chicago O'Hare Airport, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Peter Spalluto, is an individual residing in Pompano Beach, FL 33064, in the County of Broward.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palme Aire Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

3. Defendant's property, Hilton Chicago O'Hare Airport, is located at O'Hare International Airport, P.O. Box 66414, Chicago, IL 60666, in the County of Cook.

4. Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Peter Spalluto is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Peter Spalluto has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7. Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC.

and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Hilton Chicago O'Hare Airport, and is located at O'Hare International Airport, P.O. Box 66414, Chicago, IL 60666.

9. ACCESS 4 ALL, INC. and Peter Spalluto have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Peter Spalluto desires to visit Hilton Chicago O'Hare Airport not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of,

the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Hilton Chicago O'Hare Airport has shown that violations exist. These violations include, but are not limited to:

### Access to Goods and Services

A. The counters at the front desk, business center, and the fitness center, do not have a lowered portion no higher than 36 inches high or with a folding shelf no higher than 36 inches high violating section 7.2 of the ADA standards.

### Public Restroom

A. There are public restrooms which violate sections 4.13, 4.18, and 4.22 of the ADAAG.

### Accessible Guest Rooms

A. The rooms for disabled use provide elements not equipped for use by the hearing/visually impaired violating section 9.1.3 of the ADAAG.

B. The rooms designated for disabled use do not provide a compliant roll-in shower violating section 9.1.2 of the ADAAG.

C. The rooms designated for disabled use do not provide a compliant bathtub violating sections 4.20 of the ADAAG.

D. The grab-bars, at the toilet, in the bathroom violate section 4.16.4 of the ADAAG.

E. There is insufficient latch-side clearance at the door exiting the guest room violating section 4.13.6 of the ADAAG.

F. The lavatory in the bathroom violates section 4.19 of the ADAAG.

    G.    There are elements with controls which require tight grasping, pinching, or twisting of the wrist in order to operate which violates section 4.27.4 of the ADAAG.

    H.    There are an insufficient number of guest rooms for persons with hearing impairments violating section 9.1.3 of the ADAAG.

    I.    The disabled rooms are not dispersed among the various classes of sleeping accommodations violating section 9.1.4 of the ADAAG.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's

facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Hilton Chicago O'Hare Airport to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no

      individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                Respectfully Submitted,

                John P. Fuller, Esquire
                jpf@fullerfuller.com
                Thomas B. Bacon
                tbb@fullerfuller.com
                Fuller, Fuller & Associates, P.A.
                Co-Counsel for Plaintiffs
                12000 Biscayne Blvd., Suite 609
                North Miami, FL 33181
                (305) 891-5199
                (305) 893-9505 - Facsimile

                and

                Jerome G. Silbert, Esquire
                Co-Counsel for Plaintiffs
                10 S. Riverside Plaza, Suite 1020
                Chicago, IL 60606
                (312) 207-0181
                (312) 207-1332 - Facsimile

                By: /s/ Jerome G. Silbert
                    Jerome G. Silbert, Esquire
                    IL Bar No. 13600

                Date: July 21, 2006

#3780 Hilton Hotels Corp. Complaint Pkg (slm 7-3-06).wpd